OPINION
{¶ 1} Dick Getter, the sole proprietor of G H Tree Service, appeals from the trial court's entry of judgment against him on his small-claims complaint against appellee Joann Hereford.
 {¶ 2} At trial, Getter asserted that he and Hereford entered into an oral contract for the removal of trees from her yard for $950 plus tax. Getter stated that he returned to the residence at a later date and performed the work. When he attempted to collect from Hereford, she gave him $500 and promised to pay the rest later but never did. For her part, Hereford denied entering into any agreement with Getter to remove her trees. She stated that Getter gave her an estimate for the work, but she never authorized him to perform it. Nevertheless, she came home one day and discovered that he had removed the trees. Hereford explained that she paid Getter $500 as a matter of "common courtesy" despite the fact that she had not entered into any agreement with him. In a December 4, 2003, decision and entry, the trial court found in favor of Hereford and entered final judgment against Getter. This timely appeal followed.
 {¶ 3} Although appellant's counsel has failed to set forth an assignment of error as required by App.R. 16(A)(3), the essence of his argument is that Getter and Hereford had an oral contract, and that Getter's performance under the contract and his detrimental reliance on Hereford's promise to pay take the case outside the statute of frauds, thereby entitling him to recover the unpaid $450 plus tax.
 {¶ 4} Upon review, we find Getter's argument to be unpersuasive. As an initial matter, we do not believe the statute of frauds applies in this case.[1] The purported agreement between Getter and Hereford appears to be a garden-variety contract for personal services to which the statute of frauds does not apply. In addition, Hereford never raised the statute of frauds as a defense, and nothing in the record suggests that the trial court relied on the doctrine when entering judgment against Getter.[2] Thus, it matters not whether Getter's performance and alleged detrimental reliance would be sufficient to overcome the statute of frauds.
 {¶ 5} The critical issue in this case is whether the parties had an oral agreement for Getter to remove the trees in exchange for Hereford's payment of $950 plus tax. Getter testified that such an agreement existed, whereas Hereford stated that Getter merely provided her an estimate and then cut the trees without her knowledge or consent. The trial court apparently elected to believe Hereford's testimony, and we afford substantial deference to this determination of credibility. Bulcher v. Prime TimeMarketing Mgt., Inc., Montgomery App. No. 19192, 2002-Ohio-3806, at ¶ 12. We find no abuse of discretion in the trial court's decision to credit Hereford's testimony and to disbelieve Getter's version of events. Absent any oral contract between the parties, Hereford was not obligated to pay Getter for his work.[3] Accordingly, the judgment of the trial court will be affirmed. Judgment affirmed.
Fain, P.J., and Wolff, J., concur.
[1] Ohio's general statute of fraudss provides: "No action shall be brought whereby to charge the detendant, upon a special promise, to answer for the debt, default, or miscarriage of another person; nor to charge an executor or adminisstrator upon a special promise to answer damages out of his own estate; nor to charge a person upon an agreement made upon consideration of marriage, or upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, or upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunnto by him or her lawfully authorized." R.C. 1335.05.
[2] When questioning Hereford, the trial court appears to have recognized that an oral agreement between the parties would have been enforceable. After Hereford stressed that no written
contract existed, the trial court responded by asking her whether the parties had reached any agreement, oral or written, for Getter to perform the work. Hereford responded that they had not reached any agreement, and the trial court apparently believed her testimony.
[3] This result might be different if Hereford had been home and had watched Getter perform his work. Under such circumstances, Getter might be entitled to recovery under an unjust-enrichment theory. In the present case, however, Hereford was not present when Getter removed the trees, and he did so without her knowledge. Thus, the elements of an unjust enrichment claim are not satisfied. See Harco Indus., Inc. v. Elco Textron,Inc., Montgomery App. No. 19698, 2003-Ohio-2397, at ¶ 14.